# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Inland Diamond Products Company; and
Penico Holdings Ltd.,

     Plaintiffs,

-vs-

SuperAbrasive, Inc.
(d/b/a: Diamond Tool Specialists, Inc.)

     Defendant.

**02-73378**

Civil Action No:
Judge: JULIAN ABELE COOK

**DEMAND FOR TRIAL BY JURY
IS HEREBY MADE**

MAGISTRATE JUDGE PEPE

## COMPLAINT

Plaintiffs Inland Diamond Company and Penico Holdings Ltd. ("Plaintiffs") hereby complain against Defendant SuperAbrasive, Inc. ("Defendant"), and allege as follows:

### THE PARTIES

1. Plaintiff, Inland Diamond Products Company is a Michigan corporation having a principal place of business in Madison Heights, Michigan.

2. Plaintiff, Penico Holdings Ltd., is an English corporation having offices and a principal place of business in Otley, England.

3. Upon information and belief, Defendant, SuperAbrasive, Inc. is a Michigan corporation having a principal place of business at 330 Detroit Ave., Suite D, Monroe, Michigan

1

48162.

## JURISDICTION

4.     This is a civil action for patent infringement, arising under the Patent Laws of the United States, United States Code, 35 U.S.C. § 1, et seq.

5.     This is a civil action of false marking under 35 U.S.C. § 292.

6.     This is also a civil action for federal unfair competition arising under United States Code, 15 U.S.C. § 1125(a).

7.     This court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

8.     Venue is proper in this District under 28 U.S.C. § 1391, as Plaintiff, Inland Diamond Products Company, and Defendant, SuperAbrasive, Inc., are located in this judicial district.

## FACTUAL ALLEGATIONS

9.     Plaintiff, Penico Holdings Ltd., is the owner of United States Patent No. 5,175,961 entitled "Device For Supporting A Moving Part" (the '961 patent), which was duly and legally issued by the United States Patent and Trademark Office on January 5, 1993. A copy of the '961 patent is attached as Exhibit 1.

10.    Plaintiff, Inland Diamond Products Company, is the exclusive licensee of United States Patent No. 5,175,961.

11.    Defendant has had actual and constructive notice of the '961 patent prior to offering for sale or selling the article support devices.

12.    Defendant willfully purchased and imported and thereafter offered for sale and

sold infringing devices in the United States.

13. Defendant without consent of the patentee, marked upon the infringing devices "PAT. NO. 5175961".

14. For years, Plaintiff, Inland Diamond Products Company, has used the marks INLAND, Inland's design mark, and P9 in the Unites States and the rest of the world to distinguish its products from other similar products. Plaintiff has secured the right to use the marks INLAND, Inland's design mark, and P9 by prior adoption through the exclusive sale of products bearing the marks. These marks are inherently distinctive and/or have acquired distinctiveness through continuous use in commerce.

15. Upon information and belief, Plaintiff's widespread use of the INLAND, Inland's design mark, and P9 marks preceded any use of the INLAND, Inland's design mark, and P9 marks by Defendant in interstate commerce or otherwise.

16. Defendant knowingly used the marks INLAND, Inland's design mark, and P9 by selling article support devices that were stamped with the marks INLAND, Inland's design mark, and P9.

## COUNT 1 - PATENT INFRINGEMENT

Plaintiffs incorporate by reference all of the averments set forth in paragraphs 1-16, inclusive, with the same effect as though fully rewritten here.

17. Defendant has infringed directly, contributory, and by inducement by making, using, selling and/or offering for sale in the United States an article support device that incorporates the invention of the '961 patent.

18. On information and belief, Defendant has sold and continues to sell one or more article support devices which infringe upon the '961 patent.

19. The infringement of Defendant was and is willful and deliberate.

20. Penico Holdings Ltd. has been damaged by the infringing acts of the Defendant and will continue to be so damaged unless Defendant is enjoined from such further unlawful acts and infringement by this Court.

21. Inland Diamond Products Company as a licensee of the '961 patent has been damaged by the infringing acts of the Defendant and will continue to be so damaged unless Defendant is enjoined from such further unlawful acts and infringement by this Court.

## COUNT 2 – FALSE MARKING

Plaintiff incorporates by reference all of the averments set forth in paragraphs 1-21, inclusive, with the same effect as though fully rewritten here.

22. Defendant has marked its devices with Plaintiff, Penico Holdings', Patent Number 5,175,961.

23. Defendant's marking upon infringing devices "Pat No. 5175961" was done without consent of the assignee and was done with the intent of counterfeiting or imitating the mark of the patentee, or of deceiving the public and inducing them to believe that the thing was made, offered for sale, sold or imported into the United States with the consent of the patentee all in violation of 35 U.S.C. § 292.

## COUNT 3- FEDERAL UNFAIR COMPETITION

Plaintiff incorporates by reference all of the averments set forth in paragraphs 1-23, inclusive, with the same effect as though fully rewritten here.

24. On information and belief, Defendant, without being authorized by Plaintiff, has, in connection with the sale of the article support device, used in commerce the mark INLAND, Inland's design mark and P9 in a manner which is likely to cause confusion, or to cause mistake, or to wrongly and falsely designate the goods provided by Defendant as originating from, connected with, associated with or sponsored by Plaintiff Inland Diamond Products Company.

25. Defendant has willfully used Plaintiff's mark INLAND, Inland's design marks, and the mark P9, in a manner calculated to cause confusion in the sale, offering for sale and advertising of Defendant's products and services.

26. The acts of Defendant are causing irreparable injury as well as monetary and other damage to Plaintiff's trade, business reputation, prestige and goodwill. Plaintiff, Inland Diamond Products Company has no adequate remedy at law and said acts will continue unless enjoined by this Court.

27. These acts are in violation of the Lanham Act 15 U.S.C. § 1125(a).

## COUNT 4- COMMON LAW UNFAIR COMPETITION

Plaintiff incorporates by reference all of the averments set forth in paragraphs 1-27, inclusive, with the same effect as though fully rewritten here.

28. On information and belief, Defendant, without being authorized by Plaintiff, has simulated for the purpose of deceiving the public, the marks INLAND, Inland's design mark, and P9, which are marks employed by Plaintiff, Inland Diamond Products Company, thus falsely

inducing the purchase of Defendants wares and thereby obtaining the benefits properly belonging to Plaintiff.

29. The acts of Defendant are causing irreparable injury as well as monetary and other damage to Plaintiff's trade, business reputation, prestige and goodwill. Plaintiff has no adequate remedy at law and said act will continue unless restrained by this Court.

## **COUNT 5 - INFRINGEMENT OF PLAINTIFF'S COMMON LAW MARKS**

Plaintiff incorporates by reference all of the averments set forth in paragraphs 1-29, inclusive, with the same effect as though fully rewritten here.

30. Plaintiff has established the common law marks INLAND, Inland's design mark, and P9 to distinguish their goods from another's; thereby securing the right to use the marks by prior adoption, publication and exclusive sale.

31. Defendant has been using Plaintiff's common law marks placing the marks on good's sold by them with the marks INLAND, Inland's design mark, and P9 displayed.

32. On information and belief, Defendant has used the Plaintiff's common law marks INLAND, Inland's design mark, and P9 in association with the sale of their goods constituting infringement of Plaintiff's common law marks.

33. Defendant has willfully used Plaintiff's common law marks INLAND, Inland's design mark, and P9 in a manner calculated to cause confusion in the sale, offering for sale, and advertising of its products, and of the sponsorship, approval and/or affiliation of its company by or with Plaintiff.

34. The acts of Defendant are causing Plaintiff monetary and other damages, and are

willful and Plaintiff is entitled not only to compensatory damages, but also exemplary damages, costs and attorney fees.

35. The acts of Defendant are causing irreparable injury as well as monetary and other damage to Plaintiff's business and trade and Plaintiff's business reputation, prestige and goodwill. Plaintiff has no adequate remedy at law and said acts will continue unless enjoined by this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests this Court enter Judgment against Defendant as follows:

1. Enter an ORDER preliminarily, and at the time of final judgment permanently, restraining Defendant, its agents, servants and employees, and all persons in active concert or participation with Defendant from (1) continuing to infringe United States Patent No., 5,175,961; (2) using any reproduction or colorable imitation of any of Plaintiff, Inland Diamond Products Company's, trademarks; and (3) making in any manner whatsoever any statement, indication, suggestion or representation, or performing any act likely to lead the public or individual members of the public to believe that Defendant and/or any of its products or service is or are in any manner, directly or indirectly, associated, connected with, or licensed, authorized, franchised, sponsored or approved by Plaintiff, or in any way affiliated with Plaintiff;

2. Enter and ORDER directing Defendant to collect all advertising materials having any reproduction or colorable imitation of Plaintiff's trademarks, and deliver them to Plaintiff for destruction by Plaintiff;

3. Enter an ORDER requiring Defendant to file with the Court and serve on Plaintiff's counsel, within thirty (30) days after service of any preliminary injunction or permanent injunction issued, or within such reasonable time as the Court shall direct, a report in writing and under oath setting forth in detail the manner and form in which the Defendant has compiled with such injunction;

4. Enter an ORDER requiring an accounting and disgorgement of profits derived by Defendant from its acts of patent infringement and of federal and common law unfair competition;

5. Enter a Judgment against Defendant for falsely marking the infringing devices with Plaintiff, Penico Holdings Ltd., patent number, and ORDER that Defendant shall pay $500.00 for each occurrence of false marking;

6. Enter a Judgment in favor of Plaintiffs and against Defendant in an amount to be determined as compensatory damages, the amount of damages attributable to patent and trademark infringement and unfair competition being trebled pursuant to 15 U.S.C. § 1117(a), together with the proper amount of punitive and exemplary damages;

7. A determination that Defendant's infringement of the '961 patent and of the aforementioned trademarks has been willful and deliberate;

8. Award Plaintiffs its expenses, including its attorney fees, incurred by Plaintiffs in the pursuit of this cause of action pursuant to 15 U.S.C. § 1117(a); and

9. Award Plaintiffs their costs and such further relief as this Court deems necessary and proper.

## VERIFIED STATEMENT

I declare, under penalty of perjury, that the above stated facts are true to the best of my knowledge and belief except as to those matters stated to be upon information and belief and, as to those matters I believe them to be true.

_____, 2002   _____
                                      Penico Holdings, Ltd.

_____, 2002   _____
                                      Inland Diamond Products Company

Respectfully Submitted,

Date: August 21, 2002      By: *[signature]* Philip R. Warn By *[signature]* w/pmission /.
                               Philip R. Warn (P38512)
                               Warn, Burgess & Hoffman

## VERIFIED STATEMENT

I declare, under penalty of perjury, that the above stated facts are true to the best of my knowledge and belief except as to those matters stated to be upon information and belief and, as to those matters I believe them to be true.

_____, 2002

Penico Holdings, Ltd.

_Aug. 20_____, 2002    _____

Inland Diamond Products Company

Respectfully Submitted,

Date: _____    By: _____

Philip R. Warn (P38512)
Warn, Burgess & Hoffman

9

## VERIFIED STATEMENT

I declare, under penalty of perjury, that the above stated facts are true to the best of my knowledge and belief except as to those matters stated to be upon information and belief and, as to those matters I believe them to be true.

20TH AUGUST, 2002

~~Penico Products, Ltd.~~ PENICO HOLDYNGS LTD

_____, 2002

Inland Diamond Products Company

Respectfully Submitted,

Date: _____   By: _____
Philip R. Warn (P38512)
Warn, Burgess & Hoffman

9